# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OTOMIX INC.<br>7585 Commercial Way East<br>Henderson, Nevada 89011<br><br>   Plaintiff,<br><br>v.<br><br>RYDERWEAR<br>79 Frederick Street<br>Welland, S.A.<br>Australia, 5007<br><br>   Defendant. | )<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Comes now Otomix Inc. ("Otomix" or the "Plaintiff"), by and through undersigned counsel, and files this Complaint (the "Complaint") against Ryderwear (the "Defendant") and states as follows:

### **Parties**

1. Otomix is a corporation formed and existing pursuant to the laws of the State of Nevada, with its principal place of business in Henderson, Nevada.

2. The Defendant is an Australian company doing business in the United States with its principal place of business at 79 Frederick Street, Welland, SA, Australia, 5007.

3. The precise legal name of Ryderwear is unknown to Otomix, nor is it clear if Ryderwear has filed the paperwork requisite to operate in any individual state in the United States or if it has formed one or more subsidiaries or other related companies for such purpose.

**Jurisdiction and Venue**

4. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

6. Defendant is subject to personal jurisdiction in this district because it has directly sold a product that infringes on Otomix's copyright by sending the product through the mails to a destination within the District of Columbia.

**General Allegations: Existence of a Copyright**

7. Otomix is in the business of manufacturing and distributing athletic apparel, with a focus on apparel – including footwear – designed to be utilized in the "mat sports" niche.

8. The "mat sports" niche is inclusive of body building, wrestling, boxing, mixed martial arts, weight lifting, power lifting, fitness, and activities traditionally carried on, *inter alia*, in a gymnasium, ring, octagon, cage or other athletic venue featuring a canvass or matted floor.

9. As part of its business, Otomix has designed, manufactured, marketed, and sold an athletic shoe widely recognizable by its design which includes cross-stitching on the side and a wrap-around sole (the "Otomix Shoe").

10. Specifically, the Otomix Shoe is comprised of a series of double-lined stitches, extending upwardly and forwardly at approximately thirty (30) degrees to the vertical and intersected by three horizontally extending, double-lined stitches, to form distinctive parallelogramatic, somewhat diamond-shaped cells. The shoe sole design emanates from the center of the shoe almost horizontally, then rolls up in the forefoot area to form a curved lip.

11. The Otomix Shoe's design is accurately depicted by the following image from Otomix's own website:



12. The Otomix Shoe has been used by Otomix, in commerce, since 1994.

13. On July 14, 1996, the designer of the Otomix Shoe, Brent Jones ("Mr. Jones"), obtained a Copyright with the United States Copyright Office for an image depicting the Otomix Shoe (the "Copyright").

14. Otomix is designated at the Copyright claimant on the Copyright itself.

15. The Copyright is valid and legally protected in nature.

16. Otomix has the exclusive right to use the Copyright and has not granted Defendant a license to use the Copyright at any time.

**Claims of Copyright Infringement**

17. The Defendant is a producer, distributor, and marketer of two products that infringe on the Copyright.

18. The Defendant markets and sells a "Raptor" shoe (the "Raptor Shoe") which features cross-stitching on the side and a wrap-around sole, as well as a "D-MAK" shoe (the "D-MAK Shoe") which features a wrap-around sole, which is protected by the Copyright.

19. The Raptor Shoe appears as follows on a website (www.jymlocker.com) offering it for sale in the United States:



20. As recently as December 19, 2017, Ryderwear continued to advertise the infringing D-Mak shoe via its Facebook page and its website, which are both available to view by consumers in the United States:





21.     In addition to its own direct advertising and sales, Ryderwear pays individuals to actively market and promote the Raptor Shoe and the D-MAK Shoe, in commerce, via social media and otherwise.

22.     Specifically, the Defendant pays individuals to publish photographs wearing the Raptor Shoe and the D-MAK Shoe in social media postings, without permission from Otomix to use the Copyright.

23.     For example, the Defendant has paid a professional bodybuilder, Kai Greene, to make the following post on Instagram in order to advertise Defendant's product, showing Mr. Greene's body covered only by a scant blue thong and what appears to be either the D-MAK Shoes or the Raptor Shoes (the "July 2017 Instagram Post"):



24.     The July 2017 Instagram Post remains online as of the filing of this Complaint.

25.     By way of further anecdote, in 2016 the Defendant paid Mr. Greene to post on Twitter a photo of him wearing the Raptor Shoe with the tagline "BACK IN STOCK" and a customized link to where individuals could procure the Raptor Shoe (the "January 2016 Tweet"):



26.     The January 2016 Tweet remains online as of the filing of this Complaint.

27.     By way of further anecdote, in 2015 the Defendant paid Mr. Greene to post on Twitter a photo of him wearing the Raptor Shoe with the tagline "Loving my Red Raptors from @RyderwearTM" and a link to where individuals could procure the Raptor Shoe (the "July 2015 Tweet"):



28.     The July 2015 Tweet remains online as of the filing of this Complaint.

29. Specifically, and without limitation, the Defendant pays individuals within the United States to utilize social media accounts, in commerce, to advertise its product that infringes on the Copyright.

30. It is unknown at this time precisely how many other copies of the Copyright are currently being used and disseminated by Defendant, all without authority from Otomix.

### Count I – Infringement of Federally Registered Copyright

31. Otomix repeats and realleges each of the foregoing paragraphs of this Complaint as thought fully set forth herein.

32. Defendant's unauthorized copying and distribution of the Copyright directly infringes Plaintiff's Copyright in violation of 17 U.S.C. § 501, *et seq*. The Defendant also is liable for the further infringements that occurred when copies it delivered were used as Defendant induced, intended, and encouraged others to use the material. The Defendant is liable as a direct, vicarious, and contributory infringer.

33. At any time before final judgment, Plaintiff is entitled to elect to receive statutory damages in lieu of actual damages and profits. 17 U.S.C. § 504(c). For willful copyright infringement, the jury may award up to $150,000 for each of the infringements. Defendant's infringement of each work was willful. The precise number of infringed works will be determined during discovery.

34. Plaintiff alternatively may choose to recover Defendant's profits attributable to infringement plus Plaintiff's actual damages. 17 U.S.C. § 504(a). The statute provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. §

504(b). Defendant's gross revenues over the period of the infringement are not known at this time, but will be determined during discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against the Defendant as follows:

(a) For a money judgment in an amount to be determined;

(b) For Plaintiff's actual damages for infringement, and, after an accounting, for profits attributable to the infringement;

(c) At Plaintiff's election prior to the entry of final judgment in this case, and as an alternative to actual damages and profits, an award of statutory damages as permitted by the Copyright Act, for each of Plaintiff's timely registered works infringed, including enhanced statutory damages of $150,000 per work for each of these works willfully infringed and timely registered;

(d) For an injunction against further infringement and prohibiting the Defendant from introducing, marketing, advertising, selling or otherwise utilizing in commerce any product identical or confusingly similar to the Otomix Shoe;

(e) For an award of pre-judgment and post-judgment interest;

(f) For Plaintiff's costs of this action, including Plaintiff's reasonable attorneys' fees incurred in this action; and

(g) For such other and further relief as the Court may deem just and proper.

**[SIGNATURE ON FOLLOWING PAGE]**

Dated: January 3, 2018          By: /s/ Maurice B. VerStandig
                                               Maurice B. VerStandig, Esq.
                                               Bar No. MD18071
                                               The VerStandig Law Firm, LLC
                                               9812 Falls Road, #114-160
                                               Potomac, Maryland 20854
                                               Phone: (301)444-4600
                                               Electronic Mail: mac@mbvesq.com
                                               *Counsel to Otomix Inc.*